CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 2 2005

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SCOTT M. BOGER,
    Petitioner,

v.

D.A. BRAXTON,
    Respondent.

Civil Action No. 7:05cv00543

**MEMORANDUM OPINION AND ORDER**

By: Samuel G. Wilson
United States District Judge

This matter is before the court on petitioner Scott M. Boger's motion for a temporary injunction restraining respondent from securing any further affidavits from petitioner's criminal defense counsel. Petitioner's motion fails to demonstrate any prospective imminent harm. Petitioner merely states that defense counsel was privy to events surrounding his arrest and counsel's statements may be used against him should a civil matter arise from those events.[1]

A district court should issue preliminary injunctive relief sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if relief is denied; 2) the injury to the defendants if relief is granted; 3) the likelihood that plaintiff will succeed on the merits; and 4) whether it is in the public's interest to grant relief. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980), (citing, Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Without a showing that plaintiff will suffer actual imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th

---

[1] Petitioner indicates that the police officer he was convicted of maliciously wounding filed a civil suit against him for $500,000 in the Prince William County Circuit Court. That case was nonsuited, but the six month refiling period has not yet lapsed.

Cir. 1997). As such, Boger must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). Boger's motion for a temporary restraining order fails in that regard.[2]

Accordingly, it shall be and hereby is **ORDERED** that Boger's motion for a temporary injunction is **DENIED**.

The Clerk is directed to send certified copies of this order to the plaintiff and to counsel of record for the defendants, if known.

ENTER: This __ day of ~~October~~ Nov, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Furthermore, the court notes that as Boger alleges in his 28 U.S.C. § 2254 petition that counsel provided ineffective assistance at trial specifically related to his defense of the malicious wounding charge, counsel is entitled to respond to those allegations and provide evidence to the contrary which may include details related to that incident. See Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), cert. denied, 419 U.S. 1125 (1975).

2