**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 10 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

SCOTT MATTHEW BOGER,          )
    Petitioner,          )          Civil Action No.7:05cv00543
              )
v.          )          **MEMORANDUM OPINION**
              )
D.A. BRAXTON,          )          **By: Samuel G. Wilson**
    Respondent.          )          **United States District Judge**

Petitioner Scott Matthew Boger brings this 28 U.S.C. § 2254 action challenging his conviction for malicious wounding of a police officer. Boger raises multiple claims of ineffective assistance of counsel, alleges that his guilty plea was involuntary, and claims he is actually innocent of the crime to which he pled guilty. This matter is before the court on the respondent's motion to dismiss. The court finds that Boger's claim of actual innocence is not cognizable on federal habeas and that he has procedurally defaulted his guilty plea claim. Additionally, the court finds that the courts of Virginia adjudicated all but one of Boger's claims of ineffective assistance and rendered decisions that were not contrary to established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of fact. The court finds Boger's one remaining claim of ineffective assistance to be meritless. Therefore, the court grants respondent's motion to dismiss.

## I.

On August 13, 2003, Boger plead guilty in the Circuit Court of Prince William County to malicious wounding of a police officer. The court sentenced him to 20 years, with ten years suspended and six years of probation. Boger did not appeal. He filed a petition for habeas corpus in the Circuit Court of Prince William County, claiming that his guilty plea was involuntary and that his attorney provided ineffective assistance because he misinformed Boger

that he could not appeal his conviction; because he had previously represented members of the police force and, therefore, had a conflict of interest; because he failed to object when the prosecutor allegedly breached the plea agreement by speaking at sentencing; because he failed to advise Boger that the court could order a period of probation following his incarceration; because he failed to file a motion for reconsideration as Boger requested; and because he allegedly coerced Boger into pleading guilty by advising him that, if he refused to "take the deal," he would spend the rest of his life in prison.

The court found that, because he failed to raise it on appeal, Boger had defaulted his claim regarding the voluntariness of his guilty plea under the rule in Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). Addressing Boger's claim that counsel told him he could not appeal, the court found the claim to be factually meritless because counsel had advised Boger of his appellate rights during pre-plea discussions; moreover, the court found that Boger could not demonstrate prejudice because there was no non-frivolous basis for appeal, citing Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). As for Boger's claim that counsel had a conflict of interest, the court found that counsel did not have a conflict of interest and that counsel had proceeded cautiously and prudently by informing Boger that he had represented members of the police force in the past, but not the officer Boger was charged with wounding. Boger also claimed that counsel should have objected when the prosecutor spoke at his sentencing in violation of the provision of his plea agreement stating that the prosecutor would not make a sentencing recommendation; however, the court found that the prosecutor did not speak in favor of a particular sentence and, therefore, did not violate the terms of the plea agreement, meaning that any objection raised by counsel would have been futile. Turning to Boger's claim that counsel

2

failed to inform him of the possibility of probation, the court found that Boger received full information regarding the sentencing range he faced. Addressing Boger's claim that counsel failed to file a motion for reconsideration, the court cited <u>Strickland v. Washington</u>, 466 U.S. 668, 669 (1984) and found that counsel's failure to file a motion for reconsideration did not prejudice Boger because there were no valid grounds for a motion for reconsideration. Finally, citing the rule in <u>Anderson v. Warden</u>, 281 S.E.2d 885, 888 (Va. 1981), the court found that Boger's claim that counsel coerced him into pleading guilty was foreclosed by Boger's assertions during his plea hearing that the plea was voluntary and that he was satisfied with counsel's performance; the court also emphasized the fact that recommending a plea was reasonable because the Commonwealth had a substantial amount of evidence against Boger, including multiple eyewitnesses to Boger's attack on the police officer. Boger appealed the circuit court's dismissal of his petition, but the Supreme Court of Virginia refused his petition for appeal. In his § 2254 motion, Boger claims that he was convicted despite his actual innocence and that his guilty plea was involuntary, and he raises the same ineffective assistance claims he raised on state habeas.

## II.

Section 2254 does not provide for a stand-alone claim of actual innocence. <u>See</u> 28 U.S.C. § 2254; <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993) (holding that federal habeas relief exists to correct constitutional defects, not factual errors alleged to have occurred at trial); <u>Royal v. Taylor</u>, 188 F.3d 239, 243 (4th Cir. 1999). Thus, Boger may not raise his actual innocence claim on federal habeas.

## III.

The state court found that Boger had defaulted his claim regarding the voluntariness of his guilty plea under Slayton v. Parrigan.[1]  Boger has not shown cause and prejudice to excuse his procedural default, see Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)), so the court dismisses the claim.[2]

## IV.

The federal habeas statute prohibits this court from granting relief on any claim that the state court adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 364-5 (2000). The court finds that the Circuit Court of Prince William County adjudicated all but one of Boger's ineffective assistance claims on the merits and that the adjudication was not contrary to clearly established federal law, based on an unreasonable

---

[1] 205 S.E.2d 680, 682 (1974); see also Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (holding the Slayton rule to be an adequate and independent state ground for procedural default).

[2] A claim of actual innocence premised on "new 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error'" may be sufficient to excuse a procedural default. See Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). However, Boger has presented no new evidence to the court; rather, he simply argues that he did not intend to hurt the police officer and that there was insufficient evidence to prove he intended to cause harm.  This claim is insufficient to excuse Boger's default.

Also, in connection with this claim, Boger cites Blakely v. Washington, 542 U.S. 296 (2004), arguing that his sentence was illegally enhanced.  However, Boger's case was on collateral review at the time the Court handed down Blakely, and the Court did not make Blakely retroactive to cases on collateral review.  See U.S. v. Johnson, WL 2705818 (4th Cir. 2005).  Moreover, Boger does not claim that his sentence was enhanced beyond the statutory maximum for the crime to which he pled guilty, rendering Blakely inapplicable to his situation.

4

application of federal law, or based on an unreasonable determination of the facts. Accordingly, the court dismisses the claims.[3]

The state court diffused the majority of Boger's ineffective assistance claims through specific findings of fact. The court found that counsel had informed Boger of his appellate rights; that counsel did not have a conflict of interest; that the prosecutor did not violate the plea agreement, meaning counsel had no grounds to object to the prosecutor's speaking at sentencing; and that Boger was aware of the possibility of a period of probation following his incarceration. Having reviewed the record, the court finds that these determinations of fact were not unreasonable and, therefore, dismisses the claims related to them.

When disposing of Boger's claim regarding counsel's alleged failure to file a motion for reconsideration, the state court found that there were no non-frivolous grounds for a motion for reconsideration and that Boger's counsel, therefore, did not prejudice Boger by failing to file such a motion. The court cited the correct Supreme Court precedent, Strickland, and did not unreasonably apply it. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987) (holding that attorney's failure to make a motion for acquittal did not constitute ineffective assistance because there was "no obvious basis" for the motion). Accordingly, the court dismisses the claim.

## V.

Boger claims that counsel provided ineffective assistance because he coerced Boger into entering his guilty plea by telling him that failure to do so would result in Boger spending the rest

---

[3]The Supreme Court of Virginia summarily denied Boger's petition for appeal of the circuit court's decision. That denial was a decision on the merits, see Saunders v. Reynolds, 204 S.E.2d 421 (1974), however, the court must focus on the last reasoned state-court decision, see Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991), which in this case would be the circuit court's original adjudication of Boger's habeas petition.

of his life in prison. The Supreme Court of Virginia dismissed the claim under the rule in

Anderson v. Warden, 281 S.E.2d 885, 888 (1981), holding that Boger's representations during

the plea colloquy foreclosed his claim. The scope of the Anderson rule is unclear, so the court

will not treat it as an independent and adequate state ground for procedural default. See Burket

v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000). Because the Supreme Court of Virginia did not

adjudicate the claim on the merits, this court must do so. Id.

In order to show that entry a guilty plea was the product of ineffective assistance, a

petitioner must show both "that his trial counsel's performance fell below an objective standard

of reasonableness" and that "there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." Burket v. Angelone,

208 F.3d 172, 194 (4th Cir.2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In light of

the substantial evidence the Commonwealth had against Boger, the court finds that Boger has

failed to demonstrate that a reasonable defendant in his position would not have entered a guilty

plea, regardless of counsel's alleged strongly worded warnings. Boger's assurances to the trial

court that his plea was voluntary and that he was satisfied with counsel's representation bolster

the court's finding. Accordingly, the court dismisses the claim.

## VI.

For the foregoing reasons, the court grants respondent's motion to dismiss, and all other

motions currently pending in Boger's suit are dismissed as moot.

ENTER: This _____ day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE